NANCY KAY DENNIS, APPELLANT, V. KENNETH EUGENE SMITH, APPELLEE.

347 N.W.2d 873

Filed April 27, 1984. No. 83-692.

Avis R. Andrews, for appellant.

No appearance for appellee.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and McCOWN and BRODKEY, JJ., Retired.

CAPORALE, J.

The petitioner mother, Nancy Kay Dennis, appeals from the denial of her application for custody of the younger of the two minor daughters of the parties. Both daughters are presently in the custody of the respondent father, Kenneth E. Smith, and live with the paternal grandparents. We affirm.

Dennis and Smith were divorced in October of 1978. Custody of their two daughters (the elder having been born in 1965 and the younger in 1968) was awarded to Dennis. In March of 1980 the court decreed, pursuant to a stipulation and agreement made by Dennis and Smith, that custody of the two daughters be placed with Smith. Dennis remarried in April of 1982. In February of 1983 she filed the application at bar, alleging a change in circumstances and asking that she be given custody of both children and that Smith be required to pay appropriate child support. At trial she abandoned her effort for custody of the older child and sought custody only of the younger child, then 15 years of age. This change in Dennis' position was apparently prompted by the older child's desire to continue her present living arrangement.

The scope and nature of our review is set forth in *Haake v. Haake*, 215 Neb. 889, 891, 341 N.W.2d 911, 912-13 (1983):

> In actions such as this, seeking modification of the trial court's order as to custody of children in a dissolution of marriage case, on appeal this

court must review de novo the determinations of the trial court with regard to whether a change in circumstances has occurred which justifies the modification of the earlier custody order. We are required to make independent conclusions of fact without reference to the conclusion reached by the trial court, recognizing, however, that we will give weight to the fact that the trial court observed the witnesses and has accepted one version of the facts rather than the opposite.

The record establishes that Dennis attributed the 1980 agreed-upon change in the custody arrangement to the fact that she was then receiving Aid to Families with Dependent Children and Smith was more financially able to provide for the children. It is further the fact, however, that she was involved with a man who was sexually abusing one of the children.

Upon receiving custody of the children pursuant to the 1980 decree, Smith, with Dennis' knowledge, entrusted them to the care of his parents in Fremont, Nebraska, with whom the children continue to live. Smith testified he made those arrangements because he was at that time driving a truck and worked long hours. He has since opened a body shop, where he nets $300 per month. He lives with a woman who does not wish to have the children live with them. Smith makes small contributions to his parents for the support of his daughters.

The children's paternal grandparents have done an admirable job of caring for and nurturing the children. They assure both children's attendance at school and take an interest and participate in the girls' school activities. The children are happy, attend church, and have friends.

Neither Dennis nor her present husband is employed, and they live on a monthly income of $80 in a one-bedroom, rent-subsidized apartment in Lincoln, Nebraska. At the time of trial they were in the

process of applying for vocational rehabilitation training and were willing to rent an apartment with two bedrooms. Dennis relies upon the fact that she would be eligible for Aid to Families with Dependent Children payments to supplement her and her husband's present $80-a-month income.

Dennis' mother, although she has not been in contact with her daughter for the last 4 years, states that her daughter is slovenly.

The trial court found that the change in Dennis' circumstances did not warrant a change in custody and that the best interests of the younger child required that the application be denied.

Dennis' 10 assignments of error present the following issues: (1) Was the trial court required to join the grandparents as parties? (2) Did the court err by granting, in Dennis' language, "constructive, if not actual, custody" to the grandparents when Dennis was not proven to be unfit? (3) Were there sufficient changes in circumstances to warrant modification of the previous custody order? (4) Did the trial court fail to give proper weight to the wishes of the younger child?

In support of her contention that there was a defect of parties by failing to join the grandparents, Dennis directs our attention to *Tautfest v. Tautfest*, 215 Neb. 233, 338 N.W.2d 49 (1983). In that case the original custody order awarded custody of a child to her mother. Shortly thereafter, the mother delivered the child to her parents, who thereafter cared for the child. The father then petitioned for custody. The trial court, on the father's application that custody be awarded to him, awarded custody to the grandparents. We reversed that award, finding that there was no notice given to the father that custody was sought in the grandparents. We further retained custody in the mother, recognizing that the living arrangements the mother had made served the best interests of the child.

We do not understand what support Dennis draws

from *Tautfest*. In the present case the paternal grandparents did not seek, and the court did not award them, custody of the child in question. It simply refused to take custody of the younger child from her father, who had arranged for her to reside with his parents.

Dennis further argues that Neb. Rev. Stat. § 43-1210 (Cum. Supp. 1982) requires joinder of the grandparents. That statute provides:

> If the court learns from information furnished by the parties pursuant to section 43-1209 or from other sources that a person not a party to the custody proceeding has physical custody of the child or claims to have custody or visitation rights with respect to the child, it shall order that person to be joined as a party and to be duly notified of the pendency of the proceeding and of his joinder as a party. If the person joined as a party is outside this state he shall be served with process or otherwise notified in accordance with section 43-1205.

That statute may, although we do not decide the issue, have provided the paternal grandparents with a basis for complaint had they been deprived of physical possession of the younger child, but it provides no basis upon which Dennis may complain. It was Dennis who, knowing of her daughter's living arrangement, instituted the action; under the circumstances she was not prejudiced by the failure to implead the grandparents if they were required as parties.

Dennis next contends that the trial court erred in failing to modify the 1980 custody order, because there was no showing she was unfit. In support of this proposition she cites us to *Nielsen v. Nielsen*, 207 Neb. 141, 149, 296 N.W.2d 483, 488 (1980), wherein it is stated: "The courts may not properly deprive a parent of the custody of a minor child unless it is affirmatively shown that such parent is unfit to perform the duties imposed by the relationship, or has

forfeited that right." That case balanced the right of a parent to have custody as against the right of the grandparents. Here, no such dispute is involved; as pointed out previously, the grandparents do not seek custody. The rule to be applied is found in *Haake v. Haake*, 215 Neb. 889, 896, 341 N.W.2d 911, 915 (1983): " '[O]rders fixing custody of minor children will not be modified unless there has been a change of circumstances indicating that the person who has custody is unfit for that purpose or that the best interests of the child require such action.' " Accordingly, it was Dennis' burden to prove Smith unfit to be the custodial parent or that the best interests of the child required a change. Although one who prefers to live with his paramour rather than with his children cannot be considered a model parent, and such is a factor to be considered in determining fitness, under the circumstances of this case Dennis failed in her burden to prove Smith unfit.

The significant changes in circumstances are that Dennis is now married and no longer involved with a man who sexually abuses one of the children. The former paramour has been replaced by an untrained and unemployed husband. However, the circumstances in which the younger child was placed immediately after her removal from her mother's custody have not changed. She has lived, without complaint and in good style, with her paternal grandparents ever since 1980. The change in the mother's circumstances is not such as to warrant upsetting the custody and living arrangements of the daughter.

Lastly, Dennis argues that the younger daughter's express wish to live with her natural mother must be respected. Neb. Rev. Stat. § 42-364(1)(b) (Cum. Supp. 1982) provides that the desires and wishes of a child if of an age of comprehension regardless of chronological age, when the desires are based on sound reasoning, are to be considered in determining the best interests of a child. There are, how-

ever, no facts which justify the 15-year-old's express desire to live with her mother. The reasons she states for wanting a change in custody are that she believes a child should live with her regular parent and that she could be helped and also help her mother. We do not find that reasoning sound or persuasive when the present living arrangements provide excellent care and nurturing. Although § 42-364(1)(b) requires that when of an age of comprehension a child's desires are to be considered, neither this nor any other court may abdicate its responsibility to decide custody on the basis of what it deems to be in a child's best interests based upon the totality of the circumstances. See *Deacon v. Deacon*, 207 Neb. 193, 297 N.W.2d 757 (1980). A child's statement of preference may be considered, but it is not controlling. *State ex rel. Speal v. Eggers*, 181 Neb. 558, 149 N.W.2d 522 (1967).

We conclude from our de novo review that custody of the younger daughter should remain in Smith and physical possession remain with her paternal grandparents.

AFFIRMED.