RHONDA M. HOSCHAR, APPELLANT, V. LONNIE J. HOSCHAR, APPELLEE.

374 N.W.2d 64

Filed September 27, 1985.   No. 85-023.

John W. Kocourek, for appellant.

Herbert J. Elworth of Casey & Elworth, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

KRIVOSHA, C.J.

Rhonda M. Hoschar (mother) appeals from an order entered by the district court for Cass County, Nebraska, which changed the custody of her two minor children from herself to their father, Lonnie J. Hoschar (father). The mother has set out several assignments of error. In essence, however, the different assignments of error involve only one issue. That issue is whether there has been a material change of circumstances since the entry of the original decree granting her custody of the children such that the custody of the children should now be changed. We believe that the evidence fails to establish that fact, and the decision of the district court must be reversed and remanded.

The marriage of the parties to this action was dissolved by the district court for Cass County on March 10, 1983. At that time the mother was granted the custody of the two minor children and the father was granted reasonable rights of visitation. The family home was also awarded to the mother, although the home was then in the first stages of foreclosure and the parties were 6 months behind in their house payments. At the hearing on his motion to change the custody of the children, the father sought to introduce evidence in order to establish that the best interests of the children required that the custody of the children be changed from the mother to the father. The difficulty, however, with these efforts was that no evidence was first offered to show that a material change of circumstances had occurred since the entry of the initial decree. It is true that at the time of the subsequent hearing on the motion to change custody, the proceeding to foreclose the mortgage on the home had been completed and the mother was no longer living in the home. However, this was not a material change of circumstances in view of the fact that at the time of the entry of the initial decree the house was in the process of being foreclosed upon. There was evidence of other changes, such as the employment of the parties, but these changes were not so

material as to justify the court in disturbing the earlier decree. Further, the court specifically found that both parents were fit.

The disruption of the marriage itself is difficult enough for children to handle. Their custody, therefore, should not be a continuing "running gun battle." The best interests of the children are not served by constant custody disputes and a shifting of custody control from one parent to the other. Rather, to the extent we can, we should attempt to provide some sense of stability for the children. For that reason we have repeatedly held that a decree fixing custody of minor children will not be modified unless there has been a change of circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action. See, *Dennis v. Smith*, 217 Neb. 147, 347 N.W.2d 873 (1984); *Dunne v. Dunne*, 211 Neb. 636, 319 N.W.2d 741 (1982). By this rule we do not mean that every change, no matter how insignificant, justifies a change in custody. Rather, by material change of circumstances we mean that the evidence must show that something has occurred, which if the trial court had been aware of the existence of these circumstances initially, the trial court in the best interests of the children would have granted their custody to the other parent. " 'A decree awarding custody of minor children and fixing child-support payments is not subject to modification in the absence of a material change in circumstances occurring subsequent to the entry of the decree of a nature requiring modification in the best interests of the children.' " *Youngberg v. Youngberg*, 193 Neb. 394, 396, 227 N.W.2d 396, 397 (1975).

We do not mean to say that the paramount question is not the best interests of the children, for, indeed, it is. We do mean to say that in response to a motion to modify a custody decree, before the trial court considers what is in the best interests of the children, the court must first find that there has been a material change of circumstances which occurred after the entry of the earlier order granting custody and which affects the best interests of the children. The burden of showing the existence of that material change of circumstances affecting the best interests of the children is on the party seeking modification of the custody award. See, *Murray v. Antell*, 361 N.W.2d 466

(Minn. App. 1985); *Miller v. Miller,* 305 N.W.2d 666 (N.D. 1981); *In re Marriage of Link,* 205 N.W.2d 751 (Iowa 1973). And if a permanent change of custody is to be made, it should appear to the court that the change of circumstances is more or less permanent or continuous and not merely transitory or temporary.

In the instant case the trial court made no finding of any material change of circumstance. The court simply determined that the best interests of the children would be served by changing the custody of the children. Absent a finding that there was a material change of circumstances affecting the best interests of the children, the court should have denied the father's request for change of custody. For that reason we must reverse and remand the action with directions to dismiss the application for change of custody filed by the father.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

BOSLAUGH and HASTINGS, JJ., concur in the result.