KEVIN C. PARKER, APPELLEE, V. TRACY L. PARKER, NOW KNOWN AS TRACY L. RALEIGH, APPELLANT.

449 N.W.2d 553

Filed December 29, 1989.   No. 89-152.

Deborah R. Pred, of Pred Law Offices, for appellant.

Jerry L. Pettit for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal from a January 30, 1989, order of the district court for Douglas County granting the application of the petitioner-appellee father to modify the parties' December 3, 1986, decree of dissolution. The order changed custody of the minor child of the parties to the appellee and granted reasonable rights of visitation in the respondent-appellant mother.

The mother has appealed, assigning two errors in this court: (1) that the trial court erred in determining that there was a material change in circumstances "indicating that appellant-mother was unfit or that it was in the best interests of the minor child to require a change of custody," and (2) that the trial court abused its discretion in changing the custody of the child from her mother to her father. We affirm.

The underlying difficulty in deciding appellant's first assignment of error is that the order appealed from, as prepared by appellee's counsel, makes no findings at all. The court, in its

oral findings, did find that the best interests of the child required a change of custody.

That exact situation was presented in *Hoschar v. Hoschar*, 220 Neb. 913, 374 N.W.2d 64 (1985). In *Hoschar*, we reversed and remanded with directions to dismiss the order of the trial court changing custody, because the trial court had not made a finding that there had been a material change of circumstances affecting the best interests of the children. That holding was reversed, sub silentio, in *Hicks v. Hicks*, 223 Neb. 189, 192, 388 N.W.2d 510, 513 (1986), where we said: "In the present case the trial court made no finding of a material change of circumstances in transferring custody to the petitioner. The question then becomes whether upon de novo review we conclude that the record shows a material change in circumstances."

So that the review procedures will be clear in cases involving a change of custody of minor children, we disapprove the holding set out above in the *Hoschar* case, and specifically adopt the procedures set out in *Hicks*. We hold that the party seeking modification of a decree of dissolution bears the burden of showing a material change of circumstances affecting the best interests of a child, and, if a finding on that issue is not made in the trial court, the Supreme Court, in its de novo review, may make such finding if the evidence supports it.

We note that appropriate findings by the trial court, supported by the record, are helpful in establishing a firm and logical basis for the ultimate decision of a case in this court. If findings are not made, this court can make little application of our general rule that in our de novo review, we consider, and may give weight to, the fact that the trial court saw and heard the witnesses.

With regard to the first assignment of error, the record shows that approximately 3 months after the entry of the decree herein, the appellant took the child to Philadelphia and left the child with the child's maternal grandmother for approximately 5 months. The appellee sought judicial relief, and the child was returned to Nebraska to visit with her father for 4 weeks, pursuant to a court order. After a few days of the visit, the appellee returned the child to appellant, and appellant returned

the child to Philadelphia, where the child was enrolled in kindergarten. The child was returned to Nebraska in late December 1987.

In July 1988, after 9 days of a 1-month visitation arranged for appellee, appellant picked the child up for a weekend visit in Omaha but, instead, took her to a friend's family reunion in Alabama and then to Philadelphia, from which the mother and child returned on approximately August 26. These actions denied appellee some of his summer visitation with the child.

Such conduct by appellant was a direct violation of the parties' settlement agreement relating to visitation approved by the court and, in this case, constituted a material change in circumstances affecting the best interests of the minor child involved. In our de novo review, we so find.

Our conclusion is based on our established holdings that "[v]isitation and custody coexist; generally, visitation relates to continuing and fostering the normal parental relationship of the noncustodial parent with the minor child or children of the marriage." *Heyne v. Kucirek*, 203 Neb. 59, 63, 277 N.W.2d 439, 440-41 (1979). In the case at bar, appellant, within 4 months after the decree, began a pattern of conduct resulting in a substantial reduction of appellee's visitation rights as ordered by the initial trial court. The appellant's conduct resulted in the child's being in the physical custody of individuals other than either of her parents.

These facts show that "something has occurred, which if the trial court had been aware of [such], the trial court in the best interests of the children would have granted their custody to the other parent," and thus constituted a material change in circumstances. *Hoschar v. Hoschar, supra* at 915, 374 N.W.2d at 66. We find that there was a material change of circumstances sufficient to justify a court hearing to determine if custody should be changed. Appellant's first assignment of error is without merit.

Appellant's second assignment of error is that the trial court abused its discretion in changing custody of the child from appellant to appellee. In the Supreme Court's review of cases involving the modification of a decree of dissolution with respect to a change of custody, we review the record de novo to

determine if the trial court abused its discretion in deciding the issue. That de novo review leads to the same conclusion reached by the trial court, namely, the best interests of the child required that custody be changed. As changed, the custody arrangement now will, as far as the record shows, result in the noncustodial parent, the appellant, having visitation that will result in the appropriate continuation of the relationships of the minor child with both of her parents. That situation did not exist prior to the change. The trial court did not abuse its discretion in ordering such a change in custody. Appellant's second assignment of error is without merit.

AFFIRMED.