DEANNA F. KUSKIE, APPELLEE, V. JERALD L. KUSKIE, APPELLANT.

453 N.W.2d 755

Filed April 20, 1990.  No. 89-868.

Siegfried H. Brauer III, of Ross, Schroeder & Brauer, for appellant.

Teresa K. Luther, of Knapp, Mues, Beavers, Luther & Fangmeyer, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The district court for Harlan County denied Jerald L. Kuskie's request to modify a dissolution decree so that he would have custody of his two minor children. Jerald Kuskie appeals.

We affirm the trial court's rulings that placed the legal custody of the children in the court, kept the children's physical possession in the natural mother on the condition that she and the children reside with her parents, liberalized the father's visitation rights with the children, and scheduled a subsequent review of the matter.

Child custody determinations are initially entrusted to the discretion of the trial court. *Hardy v. Hardy*, 234 Neb. 702, 452 N.W.2d 296 (1990). In the Supreme Court's review of cases involving the modification of a decree of dissolution with respect to a change of child custody, the court reviews the record de novo to determine if the trial court abused its discretion. *Parker v. Parker*, 234 Neb. 167, 449 N.W.2d 553 (1989).

After a de novo review of the record, it cannot be said that the district court abused its discretion in refusing to modify the couple's decree of dissolution and to award custody of the parties' two children to the father.

AFFIRMED.