INGRID G. SCHNELL, APPELLANT, V.
MICHAEL G. SCHNELL, APPELLEE.

673 N.W.2d 578

Filed December 23, 2003.   No. A-03-169.

Jeffrey L. Hansen, of Simmons Olsen Law Firm, P.C., for appellant.

Brenda L. Bartels, of Douglas, Kelly, Ostdiek, Bartels & Neilan, P.C., for appellee.

SIEVERS, INBODY, and MOORE, Judges.

SIEVERS, Judge.
Ingrid G. Schnell appeals from an order of the district court for Box Butte County denying a modification of child custody.

## FACTUAL AND PROCEDURAL BACKGROUND

Ingrid and Michael G. Schnell (Mike) were married on July 29, 1994, in Alliance, Nebraska. During the marriage, two children were born: Kyson, born April 22, 1997, and Kylen, born May 10, 2000.

Ingrid filed for divorce in March 2001. The parties entered into a property settlement, custody, and support agreement (PSA) on June 4. Both parties were represented by their respective attorneys from the time the divorce was filed until the day the PSA was signed, when Ingrid fired her attorney. Ingrid and Mike's divorce decree was entered on June 28, 2001.

According to the PSA, the parties were awarded joint legal custody of the children and Mike was awarded physical custody, subject to Ingrid's reasonable rights of visitation. In the PSA, both parties acknowledged that they believed the agreement to be reasonable and that they each entered into the agreement of his or her own volition. Ingrid acknowledged that she reads and understands the English language and that she understood the terms of the PSA before she signed it.

On April 25, 2002, Ingrid filed her motion for ex parte order requesting immediate physical custody of the children, and the court so ordered on that day. On April 29, Ingrid filed her application for modification, claiming a material change in circumstances, because according to her, for a 3-month period, Mike had worked night shifts and left the children with her "ninety percent of the time." Ingrid's application did not allege fraud or other improper inducement regarding the PSA. On April 30, Mike filed his motion to quash the ex parte order. On May 17,

after a hearing on the ex parte custody order, that order was terminated, the original arrangement was reinstated, and physical custody was returned to Mike. Pending trial, an order setting forth a visitation schedule was entered by the trial court, which schedule Mike adhered to.

Trial on the modification request was held July 22, 2002. At the trial, Mike testified that in January 2002, his employer had switched him temporarily to the third, or midnight, shift. Mike testified that in January and February, during the workweek, Ingrid had the children in her care 75 percent of the time, and that most of that time was spent at Mike's house so the children could have consistency and be in their own, comfortable home. On Mike's days off and every weekend, the children were primarily with him, and then in March, they started back to the old routine where Ingrid had the children on alternating weekends.

The trial court found that the only material change in circumstances was that the parties were not getting along, and it also found that a visitation schedule needed to be specified. The court terminated joint custody and gave legal and physical custody to Mike, because he was the more stable parent. Ingrid now appeals.

## ASSIGNMENTS OF ERROR

Ingrid alleges eight assignments of error, of which she argues three in her brief. In addition, she makes one other argument in her brief which does not have an assignment of error. Alleged errors must be specifically assigned and specifically argued in order to be considered by an appellate court. See, *Schindler v. Walker*, 256 Neb. 767, 592 N.W.2d 912 (1999); *Byrne v. Hauptman, O'Brien*, 9 Neb. App. 77, 608 N.W.2d 208 (2000). We address only those errors that are assigned and argued. Therefore, we address whether the district court erred in (1) failing to accept Ingrid's pleaded facts as true due to the fact that Mike never filed an answer or other responsive pleading; (2) failing to find that Mike induced Ingrid to enter into a settlement and custody agreement by fraud, misrepresentation, and duress; and (3) failing to find that a material change in circumstances had occurred since the decree was entered, requiring a change in custody based on the best interests of the minor children.

## STANDARD OF REVIEW

In the absence of plain error, when an issue is raised for the first time in an appellate court, the issue will be disregarded inasmuch as a trial court cannot commit error regarding an issue never presented and submitted for disposition in the trial court. *State v. Dixon*, 237 Neb. 630, 467 N.W.2d 397 (1991).

Child custody determinations, and visitation determinations, are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Vogel v. Vogel*, 262 Neb. 1030, 637 N.W.2d 611 (2002). A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result. *Id.*

## ANALYSIS

*Failure to Accept Pleaded Facts as True.*

Ingrid alleges that Mike never filed an answer or other responsive pleading to her application for modification. However, this claim is unsupported by the record. Ingrid filed her application for modification on April 29, 2002. On April 30, Mike filed a motion to quash the ex parte order which gave Ingrid temporary physical custody of the children. In both her motion for an ex parte order and her application for modification, Ingrid relied on the same facts to establish a material change in circumstances—that she had been caring for the children 90 percent of the time for the months Mike worked the night shift. Because Ingrid relied on the same facts to support her ex parte motion as her application to modify, Mike's motion to quash was a sufficient response.

But even if we accept Ingrid's arguments that Mike failed to file an answer or responsive pleading and that the court should have accepted the facts pled as true, the result does not change. Ingrid's allegation that there had been a material change in circumstances is not a fact which the court must accept as true, but, rather, it is a legal conclusion which must be decided by the court. See *Zoucha v. Henn*, 258 Neb. 611, 604 N.W.2d 828 (2000) (in considering demurrer, court must assume that facts pled, as distinguished from legal conclusions, are true as alleged).

*Inducement to Enter Property Settlement Agreement.*

Ingrid alleges that Mike forced her to enter into the PSA, which act was indicative of fraud, misrepresentation, and duress. We need not decide or discuss that here because Ingrid did not raise the issue at trial. See *Dixon, supra.*

*Modification of Child Custody.*

Ordinarily, custody of a minor child will not be modified unless there has been a material change in circumstances showing that the custodial parent is unfit or that the best interests of the child require such action. *Tremain v. Tremain,* 264 Neb. 328, 646 N.W.2d 661 (2002). The party seeking modification of child custody bears the burden of showing a change in circumstances. *Id.* A material change in circumstances means the occurrence of something which, had it been known to the dissolution court at the time of the initial decree, would have persuaded the court to decree differently. *Id.*

Ingrid does not allege that Mike is an unfit parent. Therefore, the focus is on whether there has been a material change in circumstances. Ingrid alleges that the 3 months Mike worked the night shift constituted a material change in circumstances for modification of custody. Her basis for modification is that during those 3 months, she cared for the children 90 percent of the time (Mike alleges it was 75 percent) and was therefore the primary caretaker. The evidence showed that this was a temporary work shift change. The Nebraska Supreme Court has stated that "if a permanent change of custody is to be made, it should appear to the court that the change of circumstances is more or less permanent or continuous and not merely transitory or temporary." *Hoschar v. Hoschar,* 220 Neb. 913, 916, 374 N.W.2d 64, 66 (1985), *disapproved on other grounds, Parker v. Parker,* 234 Neb. 167, 449 N.W.2d 553 (1989). In March 2002, when Mike resumed working his regular hours, the parties reverted back to the former routine where Ingrid had the children on alternating weekends. Therefore, this was not a material change in circumstances justifying a modification of custody.

Furthermore, there is ample evidence in the record to show that it was in the best interests of the children for them to remain in Mike's custody. In determining a child's best interests in

custody and visitation matters, factors to be considered include the relationship of the minor child to each parent; the desires and wishes of the minor child; the general health, welfare, and social behavior of the minor child; and credible evidence of abuse. See Neb. Rev. Stat. § 42-364(2) (Reissue 1998).

During the trial on the modification request, evidence was produced through testimony that Mike was the more structured and disciplined parent. He made sure that the children ate regular meals, went to bed on time, and were well behaved. Ingrid, on the other hand, had a less stable lifestyle. She had moved five times in a year, had an eating disorder, and had just had a new baby. There was also evidence that on several occasions, she would call Kyson and cry while she was talking with him, leaving him emotionally upset.

There was no showing that Mike was unfit or that the best interests of the children dictate changing custody. Upon our review of the evidence in this case, we conclude, as did the trial court, that Ingrid failed to sustain her burden of proof. The trial court did not abuse its discretion when it found Mike to be the more stable parent and denied Ingrid's request for modification.

*Termination of Joint Custody.*

We note that one of the errors assigned by Ingrid was that the trial court erred in terminating joint custody "because it was never made an issue in any pleading filed on behalf of [Mike] or [Ingrid]." However, Ingrid fails to argue the assignment, and as said earlier, we address only those errors that are both assigned and argued. In such instances, we may address the issue if it reaches the level of plain error.

> Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.

*Russell v. Stricker,* 262 Neb. 853, 861, 635 N.W.2d 734, 740 (2001). Absent plain error, an appellate court will not address errors assigned but not discussed in the brief. See *State v. Merrill,* 252 Neb. 736, 566 N.W.2d 742 (1997).

The Nebraska Supreme Court has previously stated that a trial court has no authority to modify a decree of dissolution with regard to custody without notice to the parties and an opportunity to be heard. See, *Tautfest v. Tautfest*, 215 Neb. 233, 338 N.W.2d 49 (1983); *Francis v. Francis*, 195 Neb. 417, 238 N.W.2d 468 (1976).

Although termination of joint custody was not specifically raised in the pleadings or by the parties at the modification hearing, the parameters and specifics of custody were the issues raised by the pleadings. Each party had an opportunity to testify as to why he or she should be granted custody of the children. The record also reflects that at the time of the modification hearing, Ingrid and Mike were not getting along very well and were suspicious and distrustful of one another. Also, some of Ingrid's behaviors could be seen as evidencing a lack of stability and judgment, for example, calling her young son on the telephone and crying while she was talking with him. In conclusion, we find that both parties were on notice that this was a custody dispute, that both parties had an opportunity to put on any and all evidence about the custodial arrangement, and that the trial court's decision to terminate joint custody is supported by the evidence. Therefore, while the procedure was not perfect, we find no plain error in the termination of joint custody.

## CONCLUSION

For the reasons discussed above, we find that the trial court did not abuse its discretion. Therefore, the district court's order is affirmed.

AFFIRMED.