IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


RINKOL V. PETERS


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


CHARLES A. RINKOL, APPELLANT,

V.

FARRAH PETERS, APPELLEE.


Filed October 1, 2024.    No. A-23-1006.


Appeal from the District Court for Hall County: PATRICK M. LEE, Judge. Affirmed.

Mitchell C. Stehlik, of Stehlik Law Firm, P.C., L.L.O., for appellant.

Erin M. Urbom, of Bradley Law Office, P.C., for appellee.


MOORE, RIEDMANN, and BISHOP, Judges.

RIEDMANN, Judge.

## I. INTRODUCTION

Charles A. Rinkol appeals the order of the district court of Hall County denying his request for modification of custody of his minor child. He challenges the court's determination that no material change in circumstances existed and its refusal to interview the child in camera. Following our review of the record, we affirm.

## II. BACKGROUND

Rinkol and Farrah Peters are the biological parents of a child born in 2013. On November 9, 2021, the district court issued a modification of the parties' prior custody order in which the parties shared joint legal custody of the child and Peters had primary physical custody. In the 2021 custody order, the court granted Peters legal and physical custody of the child and ordered phased-in parenting time between Rinkol and the child. The court based its order on a finding that Rinkol had "demonstrated intemperate behavior" and lacked "little to no insight into the effect his

- 1 -

belligerence with the minor child and with Mother has on the minor child." It was also established during the 2021 modification proceeding that the child was struggling with mental health issues.

On December 19, 2022, Rinkol filed a request for modification of the custody order. He alleged material changes in circumstances based on the following allegations: (1) Peters had failed to provide adequate care for the child; (2) Peters failed to provide a stable living environment for the child including adequate supervision of the minor child when in Peters' care; (3) Peters failed to take appropriate steps to address the child's struggles in school; and (4) the best interests of the minor child indicated that the child live the majority of the time with Rinkol, that the minor child live with Rinkol at least half the time, or that the minor child have increased parenting time with Rinkol.

Peters denied Rinkol's allegations and filed a counterclaim in which she sought modification of Rinkol's parenting time and an increase in child support. In support of her modification request, she asserted the following material changes in circumstances: (1) the child's behaviors surrounding visitation with Rinkol have increased and worsened; (2) Rinkol has alienated the child from Peters; (3) Rinkol has impeded the child's counseling; (4) Rinkol made numerous false reports to law enforcement and "the Department" regarding Peters; (5) Rinkol has intimidated and made threats to Peters and her significant other in front of the child; and (6) Rinkol has called Peters derogatory names in front of the child.

During trial, the parties called several witnesses including their significant others, the child's two mental health counselors, the child's school counselor, and family members. The parties both elected to testify in support of their respective arguments. Rinkol requested that the child be allowed to testify regarding his parental custody preferences so the testimony could be considered in determining the best interests of the child, but the court denied the request.

On November 9, 2023, the district court issued an order on the parties' claims and concluded that the evidence presented did not support either party's allegations that material changes in circumstances existed. As pertinent to this appeal, the district court determined that Rinkol's claims either existed at the time of the prior custody hearing or were unfounded. Thus, it denied his request to modify custody. Rinkol appeals.

## III. ASSIGNMENTS OF ERROR

Rinkol assigns that the district court erred in (1) determining that there had not been a material change in circumstances and not awarding Rinkol primary custody of the minor child, and (2) refusing to interview the minor child in camera.

## IV. STANDARD OF REVIEW

An appellate court reviews a district court's decision regarding the modification of a child custody, visitation, or support judgment or decree de novo on the record, and the decision will be affirmed absent an abuse of discretion. *Mann v. Mann*, 316 Neb. 910, 7 N.W.3d 845 (2024).

An appellate court reviews a district court's decision regarding a party's motion to conduct an in camera interview of a minor child in custody proceedings under the abuse of discretion standard. *Donscheski v. Donscheski*, 17 Neb. App. 807, 771 N.W.2d 213 (2009).

## V. ANALYSIS

### 1. No Material Changes Justified Modifying Custody Order

Generally, custody of a minor child will not be modified unless there has been a material change in circumstances showing that the custodial parent is unfit or that the best interest of the child requires such action. *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015). Modification of a custody or parenting time order requires two steps of proof. *Mann v. Mann, supra*. First, the party seeking modification must show by a preponderance of the evidence a material change in circumstances has occurred after the entry of the previous custody order which affects the best interests of the child. *Id.* Second, the party seeking modification must prove that modifying the child's custody or parenting time is in the child's best interests. *Id.*

Rinkol argues that the district court erred when it held that Rinkol failed to prove a material change in circumstances that would justify modification of the parties' current child custody order. We reject this argument because we agree with the district court that the material changes Rinkol alleged were either in existence at the time of the November 2021 modification order or were unfounded.

### (a) Parties' Implied Stipulation

Rinkol first argues that, because both parties asserted changed circumstances in their respective requests for modification, the parties effectively entered a stipulation that a material change in circumstances existed. This argument misconstrues the definition of a stipulation.

Stipulations are voluntary agreements between opposing parties relating to a proceeding. *Black's Law Dictionary* 1550 (9th ed. 2009). However, Rinkol asserted that material changes in circumstances consisted of (1) Peters failing to provide adequate care for the child; (2) Peters failing to provide a stable living environment for the child including adequate supervision of the minor child when in Peters' care; (3) Peters failing to take appropriate steps to address the child's struggles in school, and (4) that it was within the minor child's best interests to spend all or more of his time with Rinkol. Peters, on the other hand, asserted a material change in circumstances based on the following grounds: (1) The child's behaviors surrounding visitation with Rinkol had increased and become worse; (2) Rinkol had alienated the child from Peters; (3) Rinkol had impeded the child's counseling; (4) Rinkol had made numerous false reports to law enforcement and the Department in regard to Peters which has caused distress for Peters and the child; (5) Rinkol had intimidated and made threats to Peters and her partner in front of the child; and (6) Rinkol had called Peters derogatory names in front of the child.

Because there is no commonality between the parties' alleged changed circumstances, there is clearly no stipulation between the parties that a material change in circumstances existed. Rather, both Rinkol and Peters denied each other's claims that the specifically alleged circumstances had occurred. Thus, we reject the argument that the parties stipulated to the existence of a material change.

### (b) Preexisting Circumstances

Rinkol alleged that Peters failed to take appropriate steps to address the child's struggles at school and argued at trial that, although the child's mental health struggles had been established

- 3 -

during a prior proceeding, those struggles had not affected the child's performance or behavior at school until now. The district court found these alleged behaviors had been occurring prior to the November 2021 modification order. We find no abuse of discretion in that finding.

Rinkol argued at trial that the evidence presented was distinguishable from that presented during the prior proceeding because current testimony reflected the child's behaviors and difficulties in school, while earlier testimony simply reflected the child's mental health diagnoses. Rinkol failed to introduce the bill of exceptions from the prior proceeding at the modification hearing, despite contending it would show the distinguishability of testimony in the two proceedings. Therefore, the district court was unable to evaluate this argument, nor are we.

The record before us reflects testimony from the child's school counselor and his mental health therapist that supports Rinkol's claim that the child had begun acting out at school. Both witnesses identified the child's behavioral issues that required intervention in the classroom following the prior modification hearing. However, both witnesses testified that the child's negative and disruptive behavior in school was caused by the tumultuous relationship between his parents, the parties' litigation itself, and the continuous negative behavior of Rinkol, all of which existed prior to the last modification hearing. The child's mental health therapist identified demeaning comments by Rinkol which has prompted the child's quest for validation by acting out. Rinkol's behavior is not new, as evidenced by the language of the 2021 order, in which the court stated, "Father has demonstrated intemperate behavior and it appears to the Court he lacks little to no insight into the effect his belligerence with the minor child and with Mother has on the child" and admonished Rinkol "not [to] call the minor child or Mother names or talk about them in a negative way." Because the underlying cause of the child's current school struggles existed at the time of the prior modification hearing, we find no abuse of discretion in the district's determination that this does not constitute a material change in circumstances.

In addition to the reasons for the child's struggles being preexisting, Rinkol's alleged material change is that Peters failed to properly address this behavior. As noted by the district court, Peters has attempted to initiate counseling services for the child, but Rinkol's attitude toward counseling has negatively impacted the child's desire to continue. We find no abuse of discretion in the district court's finding that Rinkol has failed to meet his burden that a material change exists regarding Peters' alleged failure to adequately address the child's struggles in school.

### (c) Other Alleged Material Changes

In addition to Peters' alleged failure to address the child's struggles in school, Rinkol alleged that the child was frequently left home alone and unsupervised, or in the care of his allegedly irresponsible teenage half-sister. He also alleged that the child began to perform poorly in school and that Peters failed to provide for the child's nutritional and hygienic needs.

The district court found Rinkol's contentions were unfounded given contrary, or lack of corroborating, evidence. At trial, there was no evidence presented to support Rinkol's allegation that the child was left unsupervised while under Peters' care. Instead, testimony showed that Peters' 15-year-old daughter, the child's sister, watched the child for an hour after school until either Peters or her boyfriend returned home from work. The district court was also presented with the child's third-grade report card, which refuted Rinkol's claim that the child was performing poorly in school as it did "not indicate a substantial academic impairment nor excessive absences."

Further, the district court correctly found that Rinkol failed to prove Peters did not provide the child with adequate nutritional and hygienic care. One of the child's counselors testified that she had no concerns about the minor child's health, well-being, or that the minor child was being neglected. Rinkol argued that the child's ears had wax and he continually pointed out in his testimony that Peters did not clean them out; however, Rinkol also testified that Peters took the child to the doctor who instructed both parents to clean only the outside of the ear. Because Rinkol failed to present any evidence proving the existence of the alleged circumstances, the district court did not err in finding there was no material change in circumstances to justify the requested modification.

Rinkol's final assertion of a material change in circumstances was that the child's best interests in and of themselves dictated a change in custody. Assessing a child's best interests is the second step in addressing a modification request, a determination that occurs only after a material change in circumstances has been found. Because no material change in circumstances existed, we need not address this allegation.

2. DENIAL OF CHILD'S IN CAMERA TESTIMONY

Rinkol requested that the child be allowed to testify in camera. The district court denied his request based on testimony from various witnesses that the child had a significant issue with telling the truth, that the court proceedings had placed a significant amount of stress on the child, and that the substance of his proposed testimony would relate primarily to his placement preference, an issue which other testimony had already been offered to prove. Rinkol assigns this ruling as error; we disagree.

(a) Minor Child's Proposed Testimony Cumulative

If a child of the parties to a custody action is called as a witness, the court may exclude the testimony if it would be merely cumulative. See *Vogel v. Vogel*, 262 Neb. 1030, 637 N.W.2d 611 (2002). Here, the child's testimony would have been cumulative, warranting its exclusion.

At trial, Rinkol's attorney stated that he "believe[d] the primary reason [the child's] testimony would be relevant would be to determine his preferences." Rinkol's counsel subsequently stated, "frankly I believe [the testimony's] going to be something like, I'd like to spend a lot of time with mom and a lot of time with dad" and ultimately conceded that the "court could probably gain some limited information." Overall, the arguments made in support of the child's testifying acknowledged that the child would testify only to the fact that he would like to spend time with both of his parents, which was already known to the court per undisputed testimony given during trial by the child's school counselor and Rinkol himself. Thus, the child's testimony would have been cumulative, and the district court did not err in excluding the testimony.

(b) Minor Child Was Not Competent Witness

In finding whether a child is a competent witness, "the trial court must determine whether a child is sufficiently mature to receive correct impressions by his or her senses, whether the child can recollect and narrate intelligently, and whether the child can appreciate the moral duty to tell

the truth." *In re Interest of M.L.S.*, 234 Neb. 570, 572, 452 N.W.2d 39, 40 (1990). See, also, *State v. Guy*, 227 Neb. 610, 419 N.W.2d 152 (1988).

All parties who had a familial relationship with the minor child agreed that the child had significant issues with telling the truth. The child's counselor testified she believed that the child would have a hard time differentiating between the truth and what his parents wanted to hear. Because the child had a history of untruthfulness and of attempting to say whatever will be most conciliating to his family, the child would not have been a competent witness. Thus, the exclusion of his testimony was warranted.

### (c) Best Interests of Child Was Not Reached

Although we find no error in disallowing the child to testify, even if the ruling had been erroneous, it was not prejudicial to Rinkol because the district court never reached the issue of the child's best interests and the proposed testimony was relevant only to that issue.

After the party seeking modification has proven by a preponderance of the evidence that a material change in circumstances exists, he also must prove that changing the child's custody or parenting time is in the child's best interests. *Mann v. Mann*, 316 Neb. 910, 7 N.W.3d 845 (2024). Moreover, Nebraska courts have repeatedly held that "before the district court considers whether a change of custody is in the best interests of the children, it must first find that there has been a material change of circumstances that has occurred since the entry of the prior order." See, *Eric H. v. Ashley H.*, 302 Neb. 786, 799-800, 925 N.W.2d 81, 92 (2019); *Hopkins v. Hopkins*, 294 Neb. 417, 883 N.W.2d 363 (2016); *Hoschar v. Hoschar*, 220 Neb. 913, 374 N.W.2d 64 (1985), *disapproved on other grounds, Parker v. Parker*, 234 Neb. 167, 449 N.W.2d 553 (1989). See, also, *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015).

Here, the district court did not find a material change in circumstances to justify a modification of the previous order. Because the finding of a material change is a prerequisite to consideration of whether a change in custody or parenting time would be in the child's best interests, the district court never reached the issue of the child's best interests. Accordingly, even if the district court had erred in refusing the child's testimony, such refusal would be harmless error.

### VI. CONCLUSION

For the foregoing reasons, we affirm.

AFFIRMED.